IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEMARIO WALKER, #L1625                                          PETITIONER

VERSUS                                    CIVIL ACTION NO. 2:15-cv-82-KS-MTP

STATE OF MISSISSIPPI                                          RESPONDENT

<u>MEMORANDUM OPINION</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Demario Walker, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254 on June 10, 2015. Having considered the Petition [1] pursuant to 28 U.S.C. § 2254(b)(1)(A) & (c) and applicable case law, the Court finds that Petitioner's claims fail to warrant federal habeas corpus relief because Petitioner has not exhausted his state court remedies.

Petitioner states that he is challenging the March 27, 2015, revocation of his probation by the Circuit Court of Jefferson Davis County, Mississippi. Pet. [1] at 1. The grounds for habeas relief are the following: (1) the probation revocation was unlawful; and (2) the court was without authority to revoke his probation. *Id.* at 5, 7.

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999) (holding that "[a]pplicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief"). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

\* \* \* \* \* \* \* \* \*

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Fisher*, 169 F.3d at 302.

In his petition [1], Petitioner does not provide any information concerning the exhaustion of his claims. The Court, however, takes judicial notice that Petitioner has an appeal currently pending before the Mississippi Court of Appeals. *See Walker v. State*, No. 2015-TS-00912-COA (Miss. Ct. App. filed June 12, 2015).[1] Based on Petitioner's pending appeal, the Court finds that Petitioner has not completed the exhaustion of his state remedies prior to filing this habeas petition. As such, Petitioner's request for habeas relief will be denied and the petition is dismissed without prejudice based upon Petitioner's failure to exhaust his state court remedies. *See Sam v. Louisiana*, 409 F.

---

[1]A federal court "may take judicial notice of another court's judicial action." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 408 n. 7 (5th Cir. 2004).

2

App'x 758, 763 (5th Cir. 2011) (holding that "[a] federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted").

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

SO ORDERED, this the 15th day of July, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE